IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD R. COOKE,

    Plaintiff,

v.                                   Case No.:

THE RECEIVABLE MANAGEMENT
SERVICES CORPORATION; CAVALRY
PORTFOLIO SERVICES, LLC; and
RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Todd R. Cooke ("Cooke"), by and through his undersigned counsel, hereby sues Defendants, The Receivable Management Services Corporation ("RMS"), Cavalry Portfolio Services, LLC ("Cavalry"), and Receivables Performance Management, LLC ("RPM") and alleges:

## JURISDICTION AND VENUE

1.     This is an action for actual and statutory damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"); the Florida Consumer Collection Practices Act, §§ 559.55 *et seq.* ("FCCPA"); and the Fair Credit Reporting Act, 15 U.S.C. §§ 1682 *et seq.*

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337; supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367; declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff Cooke is the NA Corporate Comptroller of Vengroff, Williams & Associates, Inc. ("Vengroff Williams"), a Florida corporation. Plaintiff Cooke is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5. Defendant RMS is a nationwide collection agency which reports to credit bureaus negative credit information about consumers, which is then published in credit reports available to subscribers. Defendant RMS is engaged in the business of collecting debts in this state. The principal purpose of Defendant RMS is the collection of debts using the mails and telephone, and Defendant RMS regularly attempts to collect debts alleged to be due another.

6. Defendant RMS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and FCCPA § 559.55(6); Defendant RMS is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

7. Defendant Cavalry is a nationwide collection agency which reports to credit bureaus negative credit information about consumers, which is then published in credit reports available to subscribers. Defendant Cavalry is engaged in the business of collecting debts in this state. The principal purpose of Defendant Cavalry is the collection of debts using the mails and telephone, and Defendant Cavalry regularly attempts to collect debts alleged to be due another.

8. Defendant Cavalry is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and FCCPA § 559.55(6); Defendant Cavalry is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

9. Defendant RPM is a nationwide collection agency which reports to credit bureaus negative credit information about consumers, which is then published in credit reports available to subscribers. Defendant RPM is engaged in the business of collecting debts in this state. The principal purpose of Defendant RPM is the collection of debts using the mails and telephone, and Defendant RPM regularly attempts to collect debts alleged to be due another.

10. Defendant RPM is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and FCCPA § 559.55(6); Defendant RPM is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

11. At some point in time, AT&T Wireless/Cingular assigned an alleged claim against Plaintiff in the amount of $105.75 to Defendant Cavalry for collection.

12. At some point in time, Defendant Cavalry then forwarded the claim to Defendant RMS for collection.

13. On or about October 22, 2008, Defendant RMS commenced debt collection practices against Plaintiff and on behalf of Cavalry Portfolio Services by sending a collection letter to Plaintiff (the "Initial Collection Letter"). A copy of the Initial Collection Letter is attached hereto as Exhibit A.

14.     The Initial Collection letter notified Plaintiff of his right pursuant to 15 U.S.C.A. § 1692g(a) to dispute the alleged debt and to request validation of the debt from Defendant RMS within thirty days of receipt of the Initial Collection Letter.

15.     Upon receipt of the Initial Collection Letter on October 28, 2008, Plaintiff immediately mailed Defendant RMS a letter disputing the debt and requesting verification and validation of the debt (the "First Validation Request"). A copy of the Validation Request is attached hereto as Exhibit B.

16.     Defendant RMS failed to timely respond to Plaintiff's First Validation Request.

17.     Plaintiff then sent Defendant RMS another request for validation of the request by facsimile on November 26, 2008.

18.     Although Plaintiff had disputed the alleged debt within thirty days of the Initial Collection Letter, Defendant RMS did not cease collection of the debt.

19.     Instead, Defendant RMS called Plaintiff at his home on no fewer than three occasions after receiving the First Validation Request.

20.     Defendant RMS also reported the alleged debt to several credit bureaus, damaging Plaintiff's credit rating and causing him significant damages.

21.     On April 8, 2009, Plaintiff sent Defendant RMS a letter demanding that Defendant RMS cease further contact with Plaintiff and that Defendant RMS correct and remove derogatory credit reporting from Plaintiff's credit report. A copy of the April 8, 2009 letter is attached hereto as Exhibit C.

22.     On April 14, 2009, Defendant RMS sent Plaintiff a letter stating that documentation of the alleged debt was not available and that it had closed its file in

February 2009 and sent the account back to Defendant Cavalry. A copy of the April 14, 2009 letter is attached hereto as Exhibit D.

23. On about the same date, Defendant RPM commenced debt collection practices against Plaintiff and on behalf of Cavalry Portfolio Services by sending a collection letter to Plaintiff. A copy of this letter is attached hereto as Exhibit E.

24. The Exhibit E letter notified Plaintiff of his right pursuant to 15 U.S.C.A. § 1692g(a) to dispute the alleged debt and to request validation of the debt from Defendant RMS within thirty days of receipt of the letter.

25. The Exhibit E letter also identified the alleged debt as having accrued December 13, 2000. In other words, the statute of limitations for pursuing an action for the debt had already expired.

26. On April 21, 2009, Plaintiff sent two letters, one to Defendant RMS and one to Defendant RPM. The letter to Defendant RMS is attached hereto as Exhibit F, and the letter to Defendant RPM is attached hereto as Exhibit G.

27. The Exhibit F letter to Defendant RMS reiterated Plaintiff's demand for Defendant RMS to correct the negative credit reporting.

28. The Exhibit G letter to Defendant RPM disputed the alleged debt and demanded validation of the debt.

29. To date, Defendant RPM has failed to provided the verification and validation requested.

30. Despite demand, Defendants have failed to take any action to rescind the negative reports made to credit bureaus relating to the alleged debt.

## COUNT I – VIOLATION OF FDCPA

31. Plaintiff restates and realleges paragraphs 1 through 30 above as if stated and alleged herein.

32. Defendants RMS, Cavalry and RPM violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692g by continuing collection activities after Plaintiff made a timely validation request.

    b. Defendants violated 15 U.S.C. § 1692g by failing to properly validate the dispute.

    c. Defendants violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing their debt collection efforts after Plaintiff had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights.

    d. Defendants violated 15 U.S.C. § 1692e(8) by communicating information known to be false or should have been known to be false, including the failure to communicate that a disputed debt is disputed.

33. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and a judgment for all of Plaintiff's damages, costs and attorney's fees.

## COUNT II – VIOLATION OF FCCPA

34. Plaintiff repeats and realleges paragraphs 1 through 30 above and incorporates them by reference herein.

35. Defendants RMS, Cavalry and RPM violated the FCCPA. Defendants' violations of the FCCPA include, but are not limited to, the following:

    a. Defendants violated § 559.72(6), Florida Statutes by failing to provide verification of the debt and continuing their debt collection efforts after Plaintiff had disputed the debt within thirty days of receiving notice of the debt validation rights.

    b. Defendants violated § 559.72(9) by attempting to collect a debt when Defendants knew that the debt is not legitimate.

36. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the above violations of the FCCPA, Defendants are liable to Plaintiff for injunctive and declaratory relief, for all damages, and attorney's fees and costs.

## COUNT III – VIOLATION OF FCRA

38. Plaintiff repeats and realleges paragraphs 1 through 30 and incorporates them by reference herein.

39. Defendants RMS, Cavalry and RPM violated the FCRA. Defendants' violations of the FCRA include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1681s-2(a)(1) by furnishing information relating to Plaintiff to consumer reporting agencies with knowledge or reasonable cause to believe that the information is inaccurate.

    b. Defendants violated 15 U.S.C. § 1681s-2(a)(1) by furnishing information relating to Plaintiff to consumer reporting agencies when Defendant had been notified by Plaintiff that information was inaccurate.

      c.      Defendants violated 15 U.S.C. § 1681s-2(a)(2) by furnishing information relating to Plaintiff to consumer reporting agencies that Defendants determined was incomplete or inaccurate.

      d.      Defendants violated 15 U.S.C. § 1681s-2(a)(3) by failing to notify the consumer reporting agencies that Plaintiff disputed the account.

      e.      Defendants violated 15 U.S.C. § 1681s-2(b) by failing to conduct an investigation and report the results to the consumer, among others.

      f.      By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

      g.      By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

      h.      By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the Defendants;

      i.      By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof; and,

      j.      By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting.

40.      Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. Defendants acted with fraud, oppression and malice towards the Plaintiff and towards others similarly situated. Specifically, Defendants deliberately have inefficient procedures for correcting their collection files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants are amazingly efficient at reporting derogatories and painfully inefficient at removing them for precisely the same reason: a certain number of consumers would rather pay than fight, even if the debt is not actually owed. Defendants know that their systems intimidate consumers and are set up maliciously to cause oppression to consumers, so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiffs and are not disclosed to the borrowing public at large.

42. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for injunctive and declaratory relief, for all damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA and FCRA, and declaratory and injunctive relief for the defendant violations of the FCCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k and 15 U.S.C. § 1681n;

D. Statutory damages and punitive damages pursuant to FCCPA § 559.77(2);

E.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, 15 U.S.C. § 1681n, and FCCPA § 559.779(2);

F.  Punitive damages pursuant to 15 U.S.C. § 1681n; and

G.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ Heather A. DeGrave
STUART JAY LEVINE
Florida Bar No. 835994
HEATHER A. DEGRAVE
Florida Bar No. 756601
Trial Counsel
WALTERS LEVINE KLINGENSMITH &
THOMISON, P.A.
601 Bayshore Blvd., Suite 720
Tampa, Florida  33606
Phone: (813) 254-7474
Fax: (813) 254-7341
slevine@walterslevine.com
hdegrave@walterslevine.com
Attorneys for Plaintiff